■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICKEY WOMBLE, Appellant.— Judgment, Supreme Court, New York County, rendered December 17, 1970, resentencing defendant-appellant as a second felony offender, *nunc pro tunc* as of·February 15, 1968, unanimously reversed, on the law, the sentence vacated, and the matter remanded to Supreme Court, New York County, for resentence anew and such further proceedings ·as shall then be appropriate as set forth in this memorandum. On resentence, defendant advised the court of his claim that his predicate 1965 felony conviction had been unconstitutionally suffered in that he then pleaded guilty to attempted robbery, third degree, in the belief that this was a misdemeanor plea, he not having been then advised that it was to a felony he was pleading. This claim should then and there have been considered by the resentencing court (see former Code Crim. Pro., § 470-a, subd. 7 adapted by 1967 amendment from section 1943 of former Penal Law; *People* v. *McRae,* 32 A D 2d 772); instead, the matter was referred to the Justice who had taken the 1965 plea. Commendably, the District Attorney has consented to vacatur of resentence and remand to permit the claim to be considered by the court as it should have been on the prior resentence. But this disposition entitles defendant to no more than consideration of his claim, defendant's bare allegation does not automatically entitle him to a hearing unless, by appropriate allegations in papers to be submitted on the resentence for which we remand, he first establishes a factual basis for such a hearing. (See *People* v. *Robinson,* 38 A D 2d 821.) Concur — Markewich, J. P., Steuer, Tilzer, Capozzoli, JJ.

■ In the Matter of the Arbitration between ALLSTATE INSURANCE COMPANY, Appellant, and MIRTHA CHAVEZ, Respondent.— Judgment, Supreme Court, New York County, entered on April 5, 1972, affirmed. Respondent shall recover of appellant $40 costs and disbursements of this appeal. Concur — McGivern, J. P., Markewich, Nunez and Murphy, JJ.; McNally, J., would reverse and dismiss and stay arbitration upon the ground that the respondent did not establish a physical contact with a " hit and run " automobile by a fair preponderance of the credible evidence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JESUS MIRANDA, Appellant.— Judgment, Supreme Court, Bronx County, rendered on April 15, 1971, convicting defendant, after a trial by jury, of attempted robbery in the second degree and sentencing defendant to an indeterminate term not to exceed five years, unanimously reversed, on the law, the judgment vacated, and the matter remanded for resentencing in accordance with the provisions of sections 207 and 208 of the Mental Hygiene Law and section 60.15 of the Penal Law. The record shows that in addition to defendant's request for a medical examination, the court was informed that there was pending against defendant a charge for possession of drugs. Accordingly, a medical examination was mandatory pursuant to section 207 of the Mental Hygiene Law which requires such examination where a defendant is charged with a drug offense or "shall state, indicate or show symptoms, or it otherwise appears, that he is a narcotic addict", and sentence may be imposed ."only after receipt ·of the report of such examination." (*People* v. *Carter,* 39 A D 2d 537.) *People* v. *Gordian,* (39 A D 2d 861) is ·distinguishable, for unlike that case, the record here is silent as to whether the court would have imposed sentence pursuant to the provisions of the Penal Law regardless of the results of the examination. Concur — McGivern, J. P., Nunez, Steuer, Tilzer and. Capozzoli, JJ.